IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| LEONARD LOGAN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:24-cv-3897 (NDIL) |
| | ) | |
| v. | ) | Hon. Jorge L. Alonso, District Judge |
| | ) | Northern District of Illinois |
| CITY OF CHICAGO, et al. | ) | |
| | ) | Hon. Young B. Kim, Magistrate Judge |
| Defendants | ) | Northern District of Illinois |
| | ) | |

**UNOPPOSED MOTION FOR ORDER TO SHOW CAUSE
AND TO COMPEL DEPOSITION OF THIRD-PARTY WITNESS**

Plaintiff in the above-captioned matter, Leonard Logan, respectfully moves the Court to order third-party witness Latonya Payton to show cause why she should not be held in contempt for failing to appear at a deposition in the above-captioned matter, and compelling her to appear at a deposition, stating as follows:

1.  Latonya Payton is an essential third-party witness in the above-captioned civil case, which concerns the wrongful conviction of Plaintiff Leonard Logan. *See* Ex. 1, Dkt. 57 (First Amd. Compl.) in *Logan v. City of Chicago, et al.*, No. 1:24-cv-3897 (N.D. Ill.).

2.  In his civil rights lawsuit, which is pending in the Northern District of Illinois, Mr. Logan alleges that he was wrongfully convicted of the 1997 murder of Timothy Jones, who was killed in a drive-by shooting on the

1

south side of Chicago. In 2000, Mr. Logan was sentenced to 45 years in prison. After spending nearly 23 years in prison for a crime he did not commit, he was exonerated in 2023. *See* Ex. 1 ¶ 1.

3. Mr. Logan had nothing to do with the shooting and has always maintained his innocence. *Id.* ¶ 2. The only evidence presented against Mr. Logan at his criminal trial was the testimony of Latonya Payton, who by her own account was subjected to three days of interrogation by police, was deprived of food, water, and sleep, and was coerced into giving fabricated evidence placing Logan at the scene. *Id.* ¶¶ 4, 37-50, 65-66, 82-83, 85. Mr. Logan alleges that the defendant Chicago police officers and a defendant prosecutor built a false case against him by fabricating evidence, including the false inculpatory statement by Payton and false police reports, and suppressing exculpatory evidence that Mr. Logan could have used to defend himself at his criminal trial. *Id.* ¶ 7. As a result of Defendants' violations of due process and other constitutional violations, Mr. Logan was wrongfully convicted of murder. *Id.* ¶¶ 75-86.

4. In 2023, Mr. Logan's conviction was finally vacated and the charges against him dismissed. *Id.* ¶¶ 94-95. This federal civil rights lawsuit followed.

5. On August 2, 2024, Plaintiff issued a subpoena under Rule 45 for the deposition of Latonya Payton to take place at a court reporter's office in

Kissimmee, Florida. Ex. 2 (Payton Subpoena) at 1. Ms. Payton lives in Davenport, Florida, approximately 18 miles from the location of the deposition and well within the 100-mile subpoena limit under Rule 45(c)(1)(A). *See id.* at 1.

6. On August 8, 2024, Ms. Payton was served with the subpoena for her deposition to take place on October 22, 2024, at 9:00 a.m. *Id.* at 1-2. In compliance with Rule 45, the subpoena stated the court from which it issued, the title of the action and its civil-action number, commanded Ms. Payton to appear at a specified time, place and location to provide testimony, set out the text of Rule 45(d) and (e), and stated the method for recording the testimony. *Id.* at 1, 3. In compliance with Local Rule 3.04, Ms. Payton was given at least 14 days' notice of her deposition. Ms. Payton was also provided with a witness fee check, in compliance with Rule 45(b)(1). *Id.* at 2.

7. Counsel made attempts after service and prior to October 22, 2024 to contact Ms. Payton in person to confirm her appearance for the deposition, but those attempts were not successful.

8. Ms. Payton never moved to quash the subpoena under Rule 45(d).

9. Consequently, counsel for Plaintiff and the Defendants—all of whom live and reside outside of Florida—traveled to Kissimmee, Florida, for Ms. Payton's deposition on October 22, 2024. Counsel waited for half an hour for Ms. Payton to appear, but she did not appear.

10. Given the importance of Ms. Payton's deposition to the claims and defenses in this case, and the fact that Ms. Payton was validly served with a subpoena, but did not appear for her deposition, Plaintiff moves this Court for an order requiring Latonya Payton to show cause why she should not be held in contempt for failure to appear at her deposition, and compelling Ms. Payton's appearance at a rescheduled deposition. *See Hernandez v. Tregea*, 2008 WL 3157192, at *3 (M.D. Fla. Aug. 4, 2008) ("Rule 45(a)(2)(B) authorizes a party to compel a non-party to appear and provide deposition testimony. One who fails to obey a properly issued and served subpoena without adequate excuse may be found in contempt of court.") (citing Rule 45(e)).

11. The parties have agreed on December 4, 2024 as the date on which they can return to Florida for Ms. Payton's deposition. If this Court is amenable to setting the hearing on this motion for the same day, the parties intend to reserve a deposition space near this courthouse for the same morning and, assuming Ms. Payton appears at the hearing on this motion and the Court directs her to present herself for her deposition, the parties would try to depose her the same day to save Ms. Payton from the burden of having to appear twice.

12. **Local Rule 3.01(g) Certification:** Plaintiff, the movant, has conferred with Defendants, the opposing parties in this litigation, and they do not oppose this motion.

WHEREFORE, Plaintiff respectfully moves for an order to show cause and compelling Latonya Payton to appear at a deposition in this case.

Respectfully submitted,

s/ Tara Thompson
One of Plaintiff's Counsel

Tara Thompson
Loevy & Loevy
311 N. Aberdeen St., Ste. 460
Chicago, IL 60607
O: 312.243.5900
tara@loevy.com

## Certificate of Service

I, Tara Thompson, hereby certify that on November 8, 2024, I caused the foregoing to be submitted via the Court's electronic document submission web portal, caused a copy to be served on all parties via email, and caused a copy to be provided to a process server to be personally served on Latonya Payton at 617 Aster Dr., Davenport, FL 33897, and mailed a copy to Ms. Payton via certified mail at that address.

s/ Tara Thompson
